**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE SLOWE,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE ATTORNEY GENERAL OF** | : | **No. 25-7312** |
| **THE STATE OF PENNSYLVANIA,** | : | |
| **et al.,** | : | |
| *Defendants*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                   **June 30, 2026**

Pending before the Court is Defendants the Attorney General of the State of Pennsylvania

(the "Attorney General") and the Commissioner of the Pennsylvania Department of Corrections's

(the "Commissioner") (collectively, the "Moving Defendants") Motion to Dismiss Plaintiff

Tyrone Slowe's *pro se* Complaint.  ECF No. 16.  Plaintiff has not filed a response or opposition

to the Motion to Dismiss.  For the reasons discussed below, the Court will **GRANT** the Motion

and **DISMISS** Plaintiff's Complaint without prejudice.

I.    **INTRODUCTION**

On December 22, 2025, Plaintiff Tyrone Slowe initiated the above-captioned action by

filing a *pro se* Complaint against the Attorney General, the Commissioner, and the District

Attorney of Delaware County (the "District Attorney") (collectively, "Defendants").[1]  ECF No. 1.

---

[1] On February 24, 2026, Plaintiff filed a Copy of Summons with Certified Mail Receipt and Cover Letter showing proof that Plaintiff paid for Certified Mail.  ECF No. 7.  However, the filing failed to include the Certified Mail Return Receipt ("Green") Cards including the signatures and dates of receipt for each Defendant.  *See id.*  On April 8, 2026, Plaintiff filed a Notice of Compliance with Court Order and Request for Additional Time, asking the Court to permit him additional time to receive and file the Green Cards.  ECF No. 9.  The Court granted Plaintiff's request on April 9, 2026.  ECF No. 10.  On April 14, 2026, Plaintiff again attempted to file Proof of Service.  ECF No. 11.  However, the filing again failed to contain the Green Cards and only contained Plaintiff's

Plaintiff's Complaint sets forth a single claim for a violation of his procedural due process rights brought pursuant to 42 U.S.C. § 1983. *Id.* Plaintiff asks the court to direct Defendants to order DNA testing of certain biological evidence related to his 2008 murder convictions. *Id.* The Moving Defendants have moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on May 15, 2026.[2]

## II.    BACKGROUND

In 2008, Plaintiff was convicted of two counts of third-degree murder in the Pennsylvania Court of Common Pleas of Delaware County and sentenced to a term of 15–30 years of imprisonment. ECF No. 1 at 3.[3] Despite his conviction, Plaintiff has consistently maintained his innocence. *Id.* Plaintiff has since been paroled. *Id.* at 4.

---

proof of purchase of Certified Mail. *See id.* The Court determined that Plaintiff's proof of service was again, insufficient and Ordered Plaintiff to file Green Cards on or before April 20, 2026 and appended an example of the correct filing to the Order. ECF No. 12. On April 20, 2026, Plaintiff filed a Certificate of Service affirming that he had personally served Defendants. ECF No. 13. However, personal service is ineffective under the Federal Rules of Civil Procedure or Pennsylvania state law. *See, e.g.*, *Gera v. Borough of Frackville*, No. 25-1722, 2025 WL 3158699, *2 (3d Cir. Nov. 12, 2025) (concluding that only non-parties may serve a defendant (citations omitted)). In order to aid Plaintiff in effecting proper service of process after numerous failed attempts, this Court ordered the U.S. Marshal Service to serve the District Attorney of Delaware County in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) on May 15, 2026. ECF No. 17. In accordance with the Court's Order, the summons was returned executed with service completed on the District Attorney of Delaware County on June 11, 2026. ECF No. 21. To date, the District Attorney has not appeared in this action.

[2] While the Moving Defendants have styled their Motion to Dismiss (ECF No. 16) as a Motion to Dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim, the Moving Defendants also argue that Plaintiff may not maintain a federal civil rights action against them pursuant to the Eleventh Amendment. *Id.* at 1. This touches upon the Court's subject matter jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that "[s]overeign immunity is jurisdictional in nature" (collecting cases)). Accordingly, the Court will address the Moving Defendants' jurisdictional arguments before turning to the merits of Plaintiff's Complaint.

[3] Pagination corresponds to CM/ECF headers.

Prior to Plaintiff's convictions, law enforcement investigated the underlying 2008 murders. *Id.* at 3.  During the investigation, officers recovered a .357 revolver, a roll of duct tape containing pieces of human hair, a bank receipt, a gas station receipt, and a cigarette butt.  *Id.*  Officers swabbed each of the aforementioned items for DNA.  *Id.*  The Officers then documented both the recovered pieces of evidence and the DNA swabs.  *Id.*  Since then, Plaintiff has requested DNA testing of the evidence recovered at the crime scene to prove his innocence, but according to Plaintiff, Defendants have denied his access at every turn.  *Id.*  Plaintiff has exhausted his options in state court, including through post-conviction proceedings governed by state law.  *Id.*; 42 PA. CONS. STAT. ANN. § 9543.1 (1982).

That is, on May 26, 2015, Plaintiff petitioned a Pennsylvania trial court for post-conviction DNA testing of the evidence recovered at the scene of the 2008 murders pursuant to § 9543.1. ECF No. 1 at 3; *Commonwealth v. Slowe*, 307 A.3d 688 (Pa. Super. October 25, 2023).[4]  The trial court denied Plaintiff's motion, finding that he had failed to meet the threshold requirements for DNA testing on November 30, 2018.  ECF No. 1 at 3; *Slowe*, 307 A.3d at 688.  Plaintiff appealed. ECF No. 1 at 3; *Slowe*, 307 A.3d at 688.  The Pennsylvania Superior Court affirmed the trial court's denial of Plaintiff's § 9543.1 motion.  ECF No. 1 at 3; *Slowe*, 307 A.3d at 688.  There, the Superior Court found:

> [T]he PCRA court properly concluded that Appellant had not met the threshold requirements for DNA testing under Section 9543.1(a)(2) . . . . Moreover, Appellant does not provide argument or analysis to challenge the PCRA court's finding that he failed to plead a prima facie case that exculpatory evidence would establish his actual innocence as required by Section 9543.1(c)(3). Even if we assume that Appellant's DNA was absent from pieces of evidence

---

[4] In addition to the factual allegations contained in Plaintiff's *pro se* Complaint, the Court will consider the facts established in Plaintiff's State court proceedings.  *Dinicola v. DiPaolo*, 945 F. Supp. 848, 865 n.2 (W.D. Pa. Jan. 9, 1996) (finding that "[d]istrict courts are entitled to take judicial notice of public records in considering a motion for dismissal . . . ." (citing *Pache v. Wallace,* 1995 WL 118457, at *2 (E.D. Pa. March 20, 1995), *aff'd*, 72 F.3d 123 (3d Cir. 1995))).

> obtained from the crime scene, Appellant has made no attempt to show how DNA testing would establish his actual innocence. In addition to the fact that a witness came forward to testify that Appellant admitted to the murders, Appellant confessed to his investigator in a recorded phone call from prison that he was present at the scene of the murders; Appellant was repeatedly cautioned that this conversation was being recorded. As a result, we conclude that the PCRA court did not err in denying Appellant's request for post-conviction DNA testing under Section 9543.1.

*Slowe*, 307 A.3d at 688 (citation omitted).

On February 17, 2021, Plaintiff filed another petition for DNA testing. *Id.* There, Plaintiff argued that inconsistencies between his police statement and eyewitness statements, a 2018 Post Conviction Relief Act ("PCRA") amendment, and several technological innovations in DNA testing warranted a reevaluation of his access to evidence for testing. *Id.* On November 3, 2022, the trial court affirmed the Superior Court and dismissed Plaintiff's appeal. *Id.* Most recently, Plaintiff's Petition for Reargument of his motion for DNA testing was denied on January 4, 2024. ECF No. 1 at 3; *Slowe*, 307 A.3d at 688.

Plaintiff's federal civil rights lawsuit followed. ECF No. 1.

## III.    <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations omitted). A claim to relief is facially plausible when the facts allow the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This requires a degree of likelihood greater than a mere possibility of liability but does not require the pleading to rise to

the level of probable liability.  *Id.*  Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.  As relevant here, where a plaintiff is proceeding *pro se*, courts must liberally construe the factual allegations contained in the plaintiff's complaint.  *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011).

## IV.  <u>DISCUSSION</u>

The Moving Defendants seek dismissal of Plaintiff's *pro se* Complaint on the grounds that: (1) Plaintiff's claim is barred by state sovereign immunity pursuant to the Eleventh Amendment; and (2) Plaintiff has failed to plead sufficient factual allegations to state a plausible § 1983 claim for violations of Plaintiff's procedural due process rights.  ECF No. 16 at 1.

As discussed, state sovereign immunity, codified by the Eleventh Amendment of the United States Constitution, implicates the Court's subject matter jurisdiction.  *See supra* Part I n.2. Accordingly, the Court will address the Moving Defendants' argument that the Eleventh Amendment's bar to Plaintiff's suit first, before proceeding to a discussion of the merits of Plaintiff's Complaint.  *See, e.g.*, *Collins v. Yellen*, 594 U.S. 220, 242 (2021) (noting that federal courts have "an obligation to make sure that [they] have jurisdiction to decide [a] claim" (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006))).

### A.  State Sovereign Immunity

*First*, the Moving Defendants argue that the Eleventh Amendment bars Plaintiff's § 1983 claims against them.  ECF No. 16 at 7.  Inherited from English common law tradition, States wield sovereign power and can exercise immunity from certain judicial actions.  Scott Dodson, *The Metes and Bounds of State Sovereign Immunity*, 29 HASTINGS CONST. L.Q. 721, 727–29 (2002).

Sovereign immunity was adopted and delineated in the Eleventh Amendment. *Id.*; U.S. CONST. amend. XI. The Eleventh Amendment states that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*Id.*

The Supreme Court has interpreted the text of the Eleventh Amendment to bar litigants from filing suits against a State and its officials. *Alden v. Maine*, 527 U.S. 706, 747 (1999) (restating the premise announced in *Ex parte Young* that "sovereign immunity bars relief against States and their officers in both state and federal courts" (citing *Ex parte Young*, 209 U.S. 123 (1908))); *see also Lewis v. Clarke*, 581 U.S. 155, 162 (2017) (stating that "an arm or instrumentality of the State generally enjoys the same immunity as the sovereign itself").

Of course, there are exceptions to this general rule. *See Ex parte Young*, 209 U.S. at 159–60 (remarking that, "[i]f the act which the state attorney general seeks to enforce be a violation of the Federal Constitution . . . [t]he state has no power to impart to him any immunity from responsibility to the supreme authority of the United States"). One such exception permits private parties to sue state officials for prospective injunctive relief enjoining state officials from enforcing state laws that are contrary to federal law. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (citing *Ex parte Young*, 209 U.S. at 159–60).

The relevant inquiry in determining whether a plaintiff's federal claim against a State officer and/or official falls under the exception laid out in *Ex parte Young*, is whether the plaintiff alleges that the named state officials are engaging in an "ongoing violation of federal law" and the plaintiff is seeking non-monetary, prospective relief. *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296

(1997)). This inquiry does not include an analysis of the merits of plaintiff's claim. *Id.* at 646 (citing *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 281).

*First*, for a state official to be engaged in an ongoing violation of federal law, he or she must "possess authority to enforce a challenged state law[,]" *Whole Woman's Health*, 595 U.S. at 46; and demonstrate a "willingness to exercise that duty." *Doe v. Schorn*, 711 F. Supp. 3d 375, 387 (E.D. Pa. 2024) (citation omitted); *see Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (finding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*"); *see also 1st Westco Corp. v. School Dist. of Phila.*, 6 F.3d 108, 113 (3d Cir. 1993) (stating that "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law" (citation omitted)).

Put another way, official capacity claims brought under *Ex parte Young* must be brought against officials who actually have the *capacity* to act in the way the plaintiff alleges is violative of federal law and must actually *participate* in the alleged violation. *See. 1st Westco Corp.*, 6 F.3d at 113 (stating that officials are only properly named if they have "either enforced, or threatened to enforce, the statute against the plaintiffs" (citation omitted)); *see also Whole Woman's Health*, 595 U.S. at 43 (dismissing claim against the attorney general because petitioners had not pointed to "any enforcement authority the attorney general possesses in connection with [the challenged state law] that a federal court might enjoin him from exercising"); *Schorn*, 711 F. Supp. 3d at 392 (stating that, without "some connection" with the enforcement of the challenged act's particular requirement, the attorney general is properly dismissed from the case). Accordingly, federal courts routinely dismiss official capacity claims brought against state officials where the plaintiff has failed to allege that defendants enjoy the requisite enforcement authority to trigger *Ex parte*

*Young*'s exception to sovereign immunity. *See, e.g.*, *Diamond v. Pa. State Educ. Ass'n*, 399 F. Supp. 3d 361, 381–82 (W.D. Pa. July 8, 2019) (dismissing claim at the motion-to-dismiss stage because plaintiffs failed to cite to any authority plausibly showing a connection between the attorney general and the allegedly violative statute).

*Second*, the plaintiff must request non-monetary, prospective relief. *Ex parte Young*, 209 U.S. at 159–60. This requires the reviewing court to "conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc.*, 535 U.S. at 645 (citing *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 296).

Here, Plaintiff alleges that the Attorney General and the Commissioner, both Commonwealth officials, are committing ongoing violations of his constitutional right to procedural due process by denying him access to DNA testing without adequate review. ECF No. 1 at 3. Specifically, Plaintiff alleges that he has made a series of unsuccessful petitions for DNA testing, including Petitions for post-conviction relief with the state court. *Id.* In support of the Moving Defendants' enforcement authority, Plaintiff alleges that the Attorney General's has broad responsibility to enforce Pennsylvania law. *Id.* Likewise, Plaintiff points to the Commissioner's general "custody" over his person and "potential control over access to physical evidence." *Id.*

Upon review, Plaintiff's allegations are insufficient to establish that the Attorney General and the Commissioner's requisite enforcement authority to support the *Ex Parte Young* exception to the Moving Defendants' state sovereign immunity. Even assuming that Plaintiff's alleged injuries can be characterized as prospective, Plaintiff still fails to provide the Court with sufficient substantive details of his state court proceedings or how the Moving Defendants have any

connection to the denial of his PCRA Petitions.[5]  Plaintiff has not alleged a sufficient connection

between the Moving Defendants and enforcement of the PCRA.  *See Diamond*, 399 F. Supp. 3d at

382 ("Without factual allegations that the attorney general has enforced or threatened to enforce

[the allegedly violative statute] or citations that show that the attorney general has some connection

to the enforcement of [that statute], Plaintiff's claims must fail." (citing *1st Westco Corp.*, 6. F.3d

at 115)).  While Plaintiff alleges generally that the Moving Defendants enforce the law, a general

duty to enforce the law is not sufficient to bypass state sovereign immunity.[6]  *1st Westco Corp.*, 6.

F.3d at 113.

Therefore, Plaintiff's § 1983 claim against the Moving Defendants is barred by the

Eleventh Amendment.  Accordingly, Plaintiff's claims against the Attorney General and the

Commissioner shall be dismissed without prejudice with leave to amend his Complaint.[7]

### B.  Failure to State a Claim

Even if Plaintiff's allegations were sufficient to avoid the Eleventh Amendment's bar to

suit, Plaintiffs § 1983 claim would still fail on the merits.  On the merits, the Moving Defendants

argue that Plaintiff's allegations fail to establish that Pennsylvania's procedures for post-

conviction DNA testing, as prescribed by § 9543.1, violate his due process rights.  ECF No. 16 at

6–7.

---

[5] It should also be noted that by Plaintiff's own allegations, the PCRA proceedings were held in the state court.  This would necessarily take enforcement out of the Moving Defendants' hands.

[6] To the extent that Plaintiff intends to bring a personal capacity claim against each of the Moving Defendants for the denial of Plaintiff's PCRA petitions, for substantially the same reasons set forth below, Plaintiff has failed to plausibly allege that the Moving Defendants were personally involved in violations of Plaintiff's federal rights while acting under "the color of state law."  *See Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 2013)).

[7] Because this is a threshold issue, the Court will dismiss Plaintiff's Complaint without prejudice. *See infra* subsection C "Leave to Amend Complaint"

To survive a motion to dismiss on a claim under § 1983, Plaintiff must plausibly allege that Pennsylvania's procedures for determining whether to grant post-conviction DNA testing violate the Due Process Clause of the Fourteenth Amendment.  *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (stating that the Supreme Court has declined to extend substantive due process to § 1983 claims for post-conviction DNA testing but leaves "slim room" for plaintiffs to demonstrate a procedural due process violation (citing *DA's Office v. Osborne*, 557 U.S. 52, 69 (2009))).  As relevant here, the opportunity to have post-conviction DNA testing performed is prescribed by state statute.  42 PA. CONS. STAT. ANN. §§ 9541–9546 (1982).

Section 9543.1 governs post-conviction DNA testing procedures and requirements in Pennsylvania.  The applicant moving for the performance of forensic DNA testing must meet several requirements in his or her motion, including that

> (1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, it was not already tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995 or the evidence was tested but newer technology could provide more accurate and substantially probative results; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency.

*Hanson v. Lehigh Cnty. Dist. Att'y's Off.*, No. 21-CV-3368, 2021 WL 3910741, at *6 (E.D. Pa. Sep. 1, 2021) (citing 42 PA. CONS. STAT. § 9543.1(a)(2) (1982)).

As relevant here, where a pleading has failed to allege facts which purport to explain *how* Pennsylvania's specific procedures are "inadequate as a matter of federal law," the plaintiff has failed to state a viable procedural due process claim.  *Spuck v. Pennsylvania*, 456 F. App'x 72, 73 (3d Cir. 2012).  The pleading must allege facts from which the court could plausibly conclude that relief procedures are "fundamentally unfair or inadequate."  *Turner v. Dist. Att'y. Phila. Cnty.*, No.

22-CV-0491, 2022 WL 1568395, at *5 (E.D. Pa. May 18, 2022), *dismissed sub nom.*, *Turner v. Dist. Att'y Phila.*, No. 22-2321, 2022 WL 18301489 (3d Cir. Sept. 20, 2022) (finding that plaintiff "[had] not alleged a plausible basis for a procedural due process claim" where he "[provided] no specific facts from which the Court could conclude that Pennsylvania's post-conviction relief procedures are fundamentally unfair or inadequate" (citation omitted)); *see also Young v. Phila. Cnty. Dist. Atty's Off.*, 341 F. App'x 843, 845 (3d Cir. 2009) (stating that, "[i]n order for Pennsylvania's procedures to violate due process, they must offend, at a minimum, 'some principle of justice so rooted in the traditions and conscience of our people to be ranked as fundamental,' or they must transgress a 'recognized principle of fundamental fairness in operation'" (citation omitted)).  Without these allegations, a due process claim will not survive a motion to dismiss. *Spuck*, 456 F. App'x at 73.

To determine whether procedures for post-conviction relief are fundamentally unfair or constitutionally inadequate, the reviewing court considers the historical treatment of the procedure, its effect(s) in operation, as well as precedent. *Medina v. California*, 505 U.S. 437, 446 (1992). This is because, "[h]istorical practice is probative of whether a procedural rule can be characterized as fundamental." *Id.*; *see Osborne*, 557 U.S. at 70 (finding that Alaska's post-conviction relief procedures were adequate because Alaska provides (1) a substantive right to be released upon a compelling show of new evidence that establishes innocence, (2) discovery in post-conviction proceedings for DNA evidence, and (3) procedures similar to those provided by federal law and States' laws).

Upon review, Plaintiff's claim must be dismissed because he has failed to allege facts which set out to explain how Pennsylvania's procedures violate his due process rights. *Spuck*, 456 F. App'x at 73.  He argues that his requests for DNA testing and his Petition for Reargument of

the denial of his motion for DNA testing were denied "without a fair or adequate review" and that the refusal to provide the testing was capricious and arbitrary.  ECF No. 1 at 3.  However, Plaintiff has not provided the Court with the required factual basis for Plaintiff's alleged constitutional injury.  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (finding that a "complaint must contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face'" (emphasis added)).  Plaintiff does not allege how his various state court proceedings failed to provide him with "adequate review."  ECF No. 1 at 3.  Instead, Plaintiff alleges merely that each of his PCRA Petitions have been denied.  *Id.*  Even construing his pleading liberally and assuming that Defendants are properly named, the Court is unable to locate any factual allegations which purport to explain how Pennsylvania's procedures are "fundamentally unfair or inadequate."

Therefore, Plaintiff has failed to plausibly allege a § 1983 claim for violations of his procedural due process rights.  Accordingly, even if the Eleventh Amendment were not a bar to Plaintiff's claim, dismissal is still warranted in light of the deficiencies with Plaintiff's Complaint.

## C.  Leave to Amend Complaint

Plaintiff shall be granted leave to amend his Complaint.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), *abrogated on other grounds by Iqbal*, 556 U.S. at 678 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)) (stating that an amendment of a complaint vulnerable to 12(b)(6) dismissal must be permitted "even when a plaintiff does not seek leave to amend" and that "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility").  Plaintiff is proceeding in this action *pro se*.  ECF No. 1.  Because this is the first round of motion practice in this case, Plaintiff should be afforded an opportunity to amend his Complaint.  *See Harris v. Wilkie*, 833 F.

App'x 974, 975 (3d Cir. 2021) (per curiam) (stating that, "[i]n certain cases, there may be good reasons to give a plaintiff, particularly a *pro se* one, two (or more) shots at amendment"). The Court finds no reason to deny Plaintiff the opportunity to revise his pleading. Accordingly, Plaintiff shall be afforded thirty (30) days to file an Amended Complaint.

## V.     **CONCLUSION**

For the reasons set forth above, this Court will **GRANT** Defendants' Motion to dismiss Plaintiff's Complaint (ECF No. 1). Plaintiff's Complaint will be **DISMISSED without prejudice**. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**